UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WOTRING TOWING,

    Plaintiff,

v.

FORD MOTOR COMPANY, et al.,

    Defendants.

Case No. 2:16-cv-1193
**CHIEF JUDGE EDMUND A. SARGUS, JR.**
Magistrate Judge Terence P. Kemp

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss [ECF No. 8] filed by Defendant Cummins Inc. ("Cummins"). For the following reasons, that Motion is **GRANTED**.

### I.

Plaintiff Wotring Towing has sued Cummins and Ford Motor Company ("Ford") for (1) breach of express and implied warranty and (2) breach of contract. (Compl. at 1–4 [ECF No. 4].) These claims stem from a vehicle purchase. Plaintiff alleges that it purchased a new 2011 Ford 650SC Rollback, VIN 3FNX6FC9BV453231, (the "Vehicle") for commercial use from Speedway Wrecker Sales ("Speedway") for $80,000. (*Id.* ¶¶ 1–2.)[1] The Vehicle's engine was allegedly made by Defendant Cummins. (*Id.* ¶ 1.)

Plaintiff alleges that the newly-purchased Vehicle had numerous problems that rendered it inoperable. (Compl. ¶ 5.) Some of these problems persist, Plaintiff asserts, despite multiple repair attempts. (*Id.* ¶ 6.)

---

[1] Plaintiff refers to Speedway as "Defendant" throughout the Complaint. (*See, e.g.*, Compl. ¶ 1.) The Court notes, though, that Speedway is not a defendant in this action. (*See id.* at 1.) Plaintiff has only sued Ford and Cummins. (*See id.*) For purposes of Cummins's Motion to Dismiss, the Court assumes that Plaintiff is referring to Ford or Cummins, rather than Speedway, when it uses the phrase "Defendant" in the Complaint.

In connection with its purchase of the Vehicle, Plaintiff was allegedly "given an express limited warranty, which contains limited remedies." (Compl. ¶ 3.) As evidence of the warranty, Plaintiff has attached a copy of a 2011 Ford Warranty Guide to its Complaint. (*See id.*; Warranty at PageID 68 [ECF No. 4].) Plaintiff alleges, however, that the warranty and its remedies have "failed their essential purposes as a result of the inability of Defendant to correct certain defects and malfunctions in the Vehicle." (Compl. ¶ 3.)

Because Plaintiff purportedly received a written limited warranty, Plaintiff alleges that the implied warranties of merchantability and fitness for a particular purpose also apply to the Vehicle. (Compl. ¶ 4.)

Plaintiff originally filed this case in the Franklin County Court of Common Pleas. (*See* Notice of Removal at 1 [ECF No. 1].) Cummins removed the case to this Court on December 22, 2016, and then moved to dismiss on January 19, 2017. (*See id.*; Mot. to Dismiss at 1 [ECF No. 8].) On February 9, 2017, Plaintiff moved for an extension of time to file its response. (Mot. for Extension at 1 [ECF No. 9].) The United States Magistrate Judge denied that motion without prejudice due to Plaintiff's failure to indicate its compliance with Local Civil Rule 7.3. (Feb. 10, 2017 Order at 1 [ECF No. 10].) Plaintiff has not attempted to refile its Motion for Extension. Nor has Plaintiff otherwise attempted to file a response in opposition to Cummins's Motion to Dismiss.

## II.

Cummins moves to dismiss each of Plaintiff's claims. (*See* Mot. to Dismiss at 3 [ECF No. 8].) According to Cummins, Plaintiff has failed to plead sufficient facts to raise a plausible claim to relief. (*See id.*)

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of actions that fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). Such an action will be dismissed where "there is no law to support the claims made" or where "the facts alleged are insufficient to state a claim." *Stew Farm, Ltd. v. Natural Res. Conservation Serv.*, No. 2:12-cv-299, 2013 WL 4517825, at *3 (S.D. Ohio Aug. 26, 2013) (citing *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978)). To state a claim, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To meet this standard, a complaint must contain sufficient factual allegations to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement'" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* (quoting *Twombly*, 550 U.S. at 557). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and accept all of the complaint's well-pleaded factual allegations as true. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir. 1998).

### A. Breach of Implied Warranty

Ohio law recognizes implied warranty claims under both contract law and tort law. *Risner v. Regal Marine Indus., Inc.*, 8 F. Supp. 3d 959, 993 (S.D. Ohio 2014). Plaintiff does not

3

clarify under which theory it brings its implied warranty claim. As such, the Court analyzes the claim under both contract law and tort law.

### 1. Contract Law

A contract claim for breach of implied warranty "arises pursuant to the law of sales codified in Ohio's Uniform Commercial Code [UCC]." *Curl v. Volkswagen of Am., Inc.*, 114 Ohio St. 3d 266, 2007-Ohio-3609, 871 N.E.2d 1141, ¶ 26. Under the Ohio UCC, "a warranty that goods sold are merchantable is implied in a contract for their sale if the seller is a merchant with respect to goods of that kind." *DG Equipment Co., Inc. v. Caterpillar, Inc.*, No. 3:08-cv-317, 2008 WL 4758672, at *3 (S.D. Ohio Oct. 27, 2008) (footnote omitted) (citing O.R.C. § 1302.27(A)). The Ohio UCC also provides for a warranty of fitness for a particular purpose. Under O.R.C. § 1302.28, "[w]here the seller at the time of contracting has reason to know any particular purpose for which the good are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified . . . an implied warranty that the goods shall be fit for such purpose."

A plaintiff may, under Ohio law, only bring a contract claim for breach of implied warranty "against parties with whom [it is] in privity." *Curl*, 2007-Ohio-3609, ¶ 26 (explaining that the privity requirement applies, under "longstanding Ohio jurisprudence," to automobile purchasers attempting to bring a claim for breach of implied warranty); *see also Risner v. Regal Marine Indus., Inc.*, No. 1:11-cv-191, 2013 WL 1758876, at *13–14 (S.D. Ohio Apr. 24, 2013) ("Ohio law requires privity in order to sustain a contract-based breach of implied warranty claim."); *Kuns v. Ford Motor Co.*, 926 F. Supp. 2d 976, 986 (N.D. Ohio 2013) (stating that "[i]n Ohio, the[] implied warranties [of merchantability and fitness for a particular purpose] are not enforceable against manufacturers who are not in privity with the purchaser").

4

Typically, a manufacturer and consumer are in privity of contract only "'when the manufacturer is so involved in the sales transaction that the distributor merely becomes an agent of the manufacturer.'" *Risner*, 2013 WL 1758876, at *13 (quoting *Bobb Forest Prods., Inc. v. Morbark Indus. Inc.*, 783 N.E.2d 560, 576 (Ohio Ct. App. 2002)). A consumer may also be in privity of contract with a manufacturer "'if that consumer is an intended third-party beneficiary to a contract.'" *Id.* (quoting *Bobb Forest Prods.*, 783 N.E.2d at 576).

Here, Plaintiff has not alleged that it has a contractual relationship with Cummins. (*See generally* Compl. [ECF No. 4].) Plaintiff has not alleged that it was an intended beneficiary of a contract entered into by Cummins. (*See generally id.*) Nor has Plaintiff alleged that Cummins was so involved in the Vehicle's sale that Speedway (i.e., the distributor) could be considered Cummins's agent. (*See generally id.*) Plaintiff has simply alleged that the Vehicle's engine was made by Cummins. (*Id.* ¶ 1.) This allegation does not establish a plausible claim to relief. Consequently, Plaintiff's claim for breach of implied warranty is dismissed to the extent that Plaintiff brings the claim as a contract action.

2. **Tort Law**

A tort claim for breach of implied warranty "'is a common law cause of action that imposes liability upon a manufacturer or a seller for breach of an implied representation that a product is of good and merchantable quality, fit and safe for its ordinary intended use.'" *Risner*, 8 F. Supp. 3d at 995 (quoting *Sirlouis v. Four Winds Int'l Corp.*, No. 1:10 CV 00469, 2012 WL 1068709, at *15 (N.D. Ohio Mar. 29, 2012)) (internal quotation marks omitted). Although a plaintiff can pursue a tort claim for breach of implied warranty without alleging contractual privity with the defendant, *id.*, Plaintiff's claim still fails.

The elements of a tort claim for breach of implied warranty are (1) that a defect existed in a defendant's product which made it unfit for its ordinary, intended use, (2) that the defect existed at the time the product left the defendant's possession, and (3) that the defect was the proximate cause of the plaintiff's injuries. *Risner*, 8 F. Supp. 3d at 995. Plaintiff has not alleged that the Vehicle's engine had a defect that existed at the time the engine left Cummins's possession. (*See generally* Compl. [ECF No. 4].) And, thus, to the extent Plaintiff attempts to bring a tort claim for breach of implied warranty, Plaintiff has not alleged a plausible claim to relief.

**B.    Breach of Express Warranty**

Plaintiff's breach of express warranty claim also founders. To establish a claim for breach of express warranty under Ohio law, a plaintiff must prove "'(1) the existence of a warranty; (2) the product failed to perform as warranted; (3) the plaintiff provided the defendant with reasonable notice of the defect; and (4) the plaintiff suffered an injury as a result of the defect.'" *Risner*, 2013 WL 1758876, at *10 (quoting *McKinney v. Bayer Corp.*, 744 F. Supp. 2d 733, 753 (N.D. Ohio 2010)). Ohio law provides that express warranties by sellers of goods are created in one of three ways: (1) by making any affirmation of fact or promise that relates to the good and becomes part of the basis of the bargain; (2) by providing any description of the goods as part of the basis of the bargain; or (3) by providing any sample or model as part of the basis of the bargain. O.R.C. § 1302.26(A).

Plaintiff has alleged the existence of a warranty. But the warranty, which Plaintiff attaches as an exhibit to its Complaint, was issued by Ford, not Cummins. (*See* Warranty at PageID 68 [ECF No. 4].) Plaintiff has not alleged that, as part of the basis of its bargain with Speedway, Cummins made an affirmation of fact or promise relating to the engine. (*See*

6

*generally* Compl. [ECF No. 4].) Nor has Plaintiff alleged that Cummins provided a description of goods or provided a sample or model as part of the basis of the bargain with Speedway. (*See generally id.*) Plaintiff has, thus, failed to allege a plausible claim for breach of express warranty against Cummins.

## C.     Breach of Contract

Privity of contract is a prerequisite to a breach of contract claim under Ohio law. *See Zona v. Lincoln Log Homes, Inc.*, No. 95-4355, 181 F.3d 106 (Table), 1999 WL 282666, at *2 (6th Cir. Apr. 30, 1999); *Eves v. AIG, Inc.*, No. 2:09-cv-543, 2010 WL 749925, at *2 (S.D. Ohio Feb. 22, 2010). And given that Plaintiff has not alleged that it is in privity of contract with Cummins, (*see generally* Compl. [ECF No. 4]), Plaintiff fails to state a plausible claim for breach of contract.

## III.

For these reasons, Defendant Cummins's Motion to Dismiss [ECF No. 8] is **GRANTED**, and Plaintiff's claims against Cummins are **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

_5-31-2017_
DATE

EDMUND A. SARGUS, JR.
**CHIEF UNITED STATES DISTRICT JUDGE**

7